MARTHA F. WELLS, Defendant in Error, *vs.* ARTHUR J. DALIES *et al.*—(ROGER E. WILLIAMS, JR. *et al.* Plaintiffs in Error.)

*Opinion filed October 28, 1925.*

1. WILLS—*intention of testator should be ascertained and given effect.* The paramount rule in the construction of wills is to ascertain the intention of the testator from an examination of the entire will and give effect to such intention unless contrary to public policy or some rule of law.

2. SAME—*entire will must be considered in ascertaining testator's intention.* In ascertaining the intention of the testator the whole scope of the will is to be considered and every provision given due weight to ascertain the plan of the testator in the light of facts and circumstances surrounding him, his family and property at the time of making the will.

3. SAME—*construction disposing of all testator's property will be adopted, if possible.* The testator is presumed to have intended by his will to dispose of all his property and leave no part of it as intestate estate, and the court will adopt any reasonable construction of the will rather than hold that the testator intended to die intestate as to any of his property; and where a gift of a life estate to the testator's wife is followed by the clause "which at her death is to be divided," it will be presumed the testator meant a division of the fee.

4. PARTITION—*remainderman is entitled to partition.* Neither the existence of a life estate nor the fact that there are contingent interests in a portion of the estate will be an obstacle to a partition on the application of one in whom a remainder is vested, where the estate is of such character that the court can determine the extent of the interest.

5. SAME—*method of partition where there is an undivided contingent interest after a life estate.* Where the complainant in a par-

tition suit has a vested interest in fee in an undivided one-third of the land and there is a life estate with a contingent remainder in another undivided portion of the land the court may decree partition, and if the premises cannot be divided without manifest prejudice to the parties in interest the land may be sold and the proceeds divided, and in such case the court may appoint a trustee to receive the proceeds of the sale of such portion of the premises in which are the life estate and contingent interests, to invest the same and pay the income to the life tenant and at her death to bring the fund into court for distribution.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

CLEMENT L. HARRELL, guardian *ad litem,* for plaintiffs in error.

LOESCH, SCOFIELD, LOESCH & RICHARDS, for defendant in error.

OSCAR LINDSTRAND, for certain defendants below.

Mr. JUSTICE HEARD delivered the opinion of the court:

Edwin S. Bush, a resident of Chicago, died testate on January 18, 1923, leaving him surviving Bertha W. Bush, his widow, and Rachel B. Williams and Margaret E. Bush, his daughters and only heirs-at-law. By his will he divided his property into three parts or thirds, each of his daughters being the recipient of one of the parts or thirds. As to the remaining third the provision of the will is as follows: "I give, devise and bequeath to my wife, Bertha W. Bush, one-third of my personal property, and a life interest in one-third of my real estate, which at her death is to be divided equally between my two daughters, or their surviving children." At the death of the testator two children, Roger E. Williams, Jr., and Duncan E. Williams, had been born to his daughter Rachel, and after his death another grandchild, Elizabeth J. Williams, was born. The daughter Margaret has never married. After the death of the testator Mrs. Williams and her husband conveyed to Arthur

J. Dalies an undivided one-third of the real estate in question in this case, and the daughter Margaret conveyed to defendant in error, Martha F. Wells, an undivided one-third thereof. Thereafter Martha F. Wells filed her bill for partition in the circuit court of Cook county, making parties defendant, among others, Roger E., Jr., Duncan E. and Elizabeth J. Williams, individually and as representatives of the surviving children of Rachel B. Williams and Margaret E. Bush. A guardian *ad litem* was appointed for these minor defendants, who filed an answer to the bill, submitting their interests to the court. The court entered a decree for partition, finding that the minor defendants had no interest in the premises. This decree is now before this court for review upon writ of error.

It is the contention of defendant in error that the will did not provide for the division of the one-third of the real estate which was devised to Bertha W. Bush for life, upon her death, but that, on the contrary, there being a comma in the will after "real estate," the words "which at her death is to be divided," refer to the life interest of Bertha W. Bush and nothing else, and that such words could have no force or effect, since her life estate could not be divided at her death, because it would end at her death and there would be nothing to divide.

The paramount rule in the construction of wills is to ascertain the intention of the testator from an examination of the entire will and give effect to such intention unless contrary to public policy or some rule of law. (*McComb* v. *Morford,* 283 Ill. 584.) In ascertaining the intention of the testator the whole scope of the will is to be considered and every provision given due weight to ascertain the plan of the testator in the light of the facts and circumstances surrounding him, his family and property at the time of making the will. (*Himmel* v. *Himmel,* 294 Ill. 557.) The testator is presumed to have intended by his will to dispose of all of his property and leave no part of it as intestate

estate, and the court will adopt any reasonable construction of the will rather than hold that the testator intended to die intestate as to any of his property. (*Pontius* v. *Conrad,* 317 Ill. 241.) We are of the opinion, when all of the provisions of this will are considered together, that it was the intention of the testator to dispose of his entire estate, and that the words "which at her death is to be divided," refer to the one-third of the real estate in which Bertha W. Bush had a life estate. Both defendant in error and plaintiffs in error in their briefs and argument agree that if this construction is placed upon the will the children of Rachel B. Williams and Margaret E. Bush living at the death of Bertha W. Bush are entitled to a freehold estate in said real estate if Rachel or Margaret should die before Bertha, and that they would therefore have a contingent interest in such third.

The next question raised upon the record is whether or not, by reason of the contingent interests, defendant in error is entitled to partition. The Partition act contemplates that one having a vested interest in real estate may have partition so that his interest may be set off and be available to him. Neither the existence of the life estate nor the fact that there are contingent interests in a portion of the estate will be an obstacle to a partition on the application of one in whom a remainder is vested where the estate is of such a character that the court can determine the extent of the interest. Where, as here, the complainant in a partition suit has a vested interest in fee in an undivided one-third of the land and there is a life estate with a contingent remainder in another undivided portion of the land, it is proper for the court to decree partition of the premises, and if the premises cannot be divided without manifest prejudice to the parties in interest, to have the same sold and the proceeds divided. In such case, in selling the premises, it is proper for the court to appoint a trustee to receive the proceeds of the sale of such portion of the premises in

which are the life estate and contingent interests, to invest the same and pay the income to the life tenant and at her death to bring the fund into court for distribution. *Betz* v. *Farling*, 274 Ill. 107; *Hill* v. *Sangamon Loan Co.* 302 id. 33.

The decree is reversed and the cause remanded to the circuit court of Cook county, with directions to enter a decree for partition in accordance with the views herein expressed.

*Reversed and remanded, with directions.*