(No. 19266.—

FRANKLIN J. SNAPP *et al.* Appellees, *vs.* ED GALLEHUE *et al.* Appellants.

*Opinion filed December 20, 1928.*

R. E. LYBARGER, guardian *ad litem,* for appellants.

GUMBART & GRIGSBY, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellees, surviving children of Alexander Snapp, deceased, filed their bill in the circuit court of McDonough county for the partition of certain real estate owned by Snapp in his lifetime. He departed this life testate and his last will and testament was duly entered of record in the county court of McDonough county. He left him surviving, his widow, Barbara A. Snapp, and the complainants and John H. Snapp, his children, and twenty-six grandchildren, seven of whom are minors and are the appellants here. Barbara A. and John H. Snapp died after the death of Alexander Snapp and prior to the filing of the bill of complaint herein. John H. Snapp was never married and left no child or children or descendants thereof surviving him, but left the complainants, his brothers and sisters, as his only heirs.

By the fourth clause of the will of Alexander Snapp it was provided:

"*Fourth*—I hereby give, devise and bequeath to my son, John H. Snapp, the south half of the northwest quarter of

section twenty-one (21), and the west half of the northeast quarter of the northeast quarter of section twenty-one (21), all in township seven (7) north, range two (2) west of the fourth principal meridian situated in the county of McDonough and State of Illinois to have and to hold for and during his natural life subject to the conditions and provisions hereinafter named."

By other clauses of the will similar devises were made to each of the children of the testator. By the tenth clause it was provided as follows:

*"Tenth*—The above bequests to my sons and daughters are each and all upon the express condition that each of said legatees shall pay to my widow one hundred fifty ($150) dollars per year for her dower interest in said lands and shall not sell or attempt to sell their respective life estates in said lands and in case any of said legatees or their legal heirs, in case of the death of any of said legatees prior to the death of my said wife, shall fail to pay to my said wife said one hundred fifty ($150) dollars each year or shall sell or attempt to sell any of the life estates herein created the bequests to such legatee herein shall thereupon become absolutely void."

By the eleventh clause it was provided:

*"Eleventh*—At the death of each of said legatees it is my will and I hereby give, devise and bequeath the respective properties described herein to the children of said respective legatees and the legal heirs of said children, share and share alike."

By the twelfth clause it was provided:

*"Twelfth*—If any of said sons and daughters shall die without leaving children or descendants of children then the portion herein bequeathed to such legatee shall thereupon be divided among my surviving children to be held by them subject to the same conditions and provisions under which they each hold the real estate herein respectively bequeathed to them."

In and by their bill appellees contended that by the provisions of the will they were now the owners in fee simple, as tenants in common, of the land devised to John H. Snapp, each owning an undivided one-fifth thereof, and that the grandchildren of Alexander Snapp had no interest in the real estate. A guardian *ad litem* was appointed for the minor defendants and he filed an answer for them, denying that the complainants were the owners of the premises in fee simple. The cause was referred to a master in chancery to take the proofs and report his findings thereon. The master reported that from the evidence submitted to him, by reason of the provisions of the will of Alexander Snapp and the death of Barbara A. and John H. Snapp, the complainants herein were each seized of a life estate in an undivided one-fifth of the real estate in question, and that the defendants, the grandchildren of Alexander Snapp, had a residuary estate therein contingent upon their surviving their respective parents, and that the size of their respective residuary estates was not determinable at the time of making the report. He found that the complainants were not seized of the fee in the premises, were not entitled to a partition thereof, and recommended that the bill of complaint be dismissed for want of equity. Objections were filed by the complainants to the master's report, which being overruled were allowed to stand as exceptions to the report. Upon the final hearing the court sustained the exceptions to the master's report and entered a decree finding that appellees were seized in fee simple of the land in question and were entitled to partition and appointed commissioners to make partition thereof. From this decree defendants have perfected an appeal to this court.

It is contended by appellants that appellees are not the owners in fee simple, as tenants in common, of the lands in question and are not entitled to partition thereof. The only question in issue is the construction of the will of Alexander Snapp. Appellees contend that on the death of John

H. Snapp, who died subsequent to the death of the widow, leaving no child or children or descendant or descendants of deceased child or children but leaving him surviving his brother and sisters, who are the appellees in this case, as his only heirs-at-law, appellees became seized in fee simple of the land in question and have the right to partition the same. Appellants contend that by a construction of the entire will it is apparent that the testator intended that any portion of the land received by a brother or sister from a brother or sister dying without children or descendants of children should be an estate of the same quality as that conveyed directly by the will to such brothers and sisters and that a conditional remainder therein is conveyed to the grandchildren.

In construing a will the first object to be attained is to ascertain, if possible, the intention of the testator manifested by the language he has used therein, and, having ascertained such intention, apply thereto the rules of law and of property and give effect to such intention when it is not contrary to some rule of law or property or to public policy. The testator's intention is to be gathered not from one clause of the will, alone, but from a view of the will as a whole and of all its parts, bearing in mind the plan of the testator as expressed in the entire will and reading its language in the light of the circumstances surrounding the testator. (*Boys* v. *Boys,* 328 Ill. 47; *Thomas* v. *Stoakes,* 328 id. 115.) Applying these rules of construction to the will in question we find nothing ambiguous therein. Upon the death of John H. Snapp, by the twelfth clause of the will his property passed to the surviving children of the testator, "to be held by them subject to the same conditions and provisions under which they each hold the real estate herein respectively bequeathed to them." By the conditions and provisions under which appellees held the real estate respectively devised to them by the will they each had only a life estate therein, which at their deaths, respectively, by the eleventh

clause of the will went to their respective children, subject to the provisions of clause 12. The circuit court therefore erred in decreeing that they had a fee simple title therein. The court did not err in refusing to dismiss the bill for want of equity, as appellees became life tenants in common in the property in question upon the death of John H. Snapp, with remainder to the children of each of them, subject to the provisions of clause 12, and partition may be had of the common life estate. *Whittaker* v. *Porter*, 321 Ill. 368.

The decree of the circuit court of McDonough county is reversed and the cause remanded to that court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*