SHARON L. RATHKE, Plaintiff-Appellant, *v.* DAVID J. LIDISKY *et al.*, Defendants-Appellees.

Fifth District   No. 77-387

Opinion filed April 4, 1978.—Rehearing denied May 1, 1978.

Ralph T. Stenger and William F. Kopis, both of Bock & Stenger, of Belleville, for appellant.

John B. Gunn, of Belleville (Walker & Williams, of. counsel), for appellee Evelyn M. Manning.

Jim D. Keehner, Ltd., of Belleville, for appellees Michael Magill and Robert Santanello.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal by Sharon L. Rathke from an order of the Circuit Court of St. Clair County dismissing the amended count 8 of her complaint for damages arising out of a real estate sales transaction in which she was the buyer. In her amended count 8, Rathke alleged that one or more of the defendants R. Michael Magill d/b/a Magill Real Estate Co., Robert Santanello, a licensed real estate salesman employed by Magill, and Evelyn M. Manning d/b/a Evelyn Manning Realtors had performed acts constituting the unauthorized practice of law. The defendants filed a motion to dismiss Rathke's amended count 8 on the grounds that it failed to state a cause of action recognized in Illinois and because the cause of action was barred by the statute of limitations. The trial court granted the defendants' motion to dismiss amended count 8 for the reasons stated in the defendants' motion and found no just cause to delay enforcement or appeal (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a)). On appeal, the issue presented is whether a cause of action for damages exists in this State for the unauthorized practice of law.

The sequence of events may be briefly stated. On April 30, 1973, the plaintiff entered into a contract with the defendants David J. and Sharon L. Lidisky for the purchase of certain residential property located in Belleville, St. Clair County. The contract executed by the parties entitled "SALES CONTRACT of the BELLEVILLE BOARD OF REALTORS" was standard in form but included a provision that the contract was "contingent upon putting new roof on garage." Also involved in the transaction, which was closed on May 6, 1973, were defendants Magill and Santanello, acting as co-broker, and Manning, as listing agent and co-broker. On July 13, 1973, the plaintiff filed a complaint in the Circuit Court of St. Clair County against the above-named defendants in which she alleged that the defendants Magill, Santanello and Manning had fraudulently misrepresented the structural soundness of the residence and had thereby failed to exercise proper care and competency in obtaining and communicating information to her. Thereafter, in May 1977, the plaintiff filed an amended count 8 to her complaint in which she alleged, *inter alia*, that one or more of the defendants Magill, Santanello and Manning had inserted the contingency provision in the printed sales contract. Recovery was predicated on the unauthorized practice of law and the plaintiff sought both actual and punitive damages.

Although not stated in her amended count 8, the plaintiff asserts in her brief that the cause of action in her amended count 8 is based on the defendants' alleged violations of section 1 of "An act to revise the law in relation to attorneys and counselors" (Ill. Rev. Stat. 1975, ch. 13, par. 1). Relying on *Herman v. Prudence Mutual Casualty Co.*, 41 Ill. 2d 468, 244 N.E.2d 809 (1969), the plaintiff contends that the licensing provisions of that section provide a basis for an actionable tort for the unauthorized practice of law in which damages may be recovered. We disagree with the plaintiff and believe that she misconstrues *Herman.*

In one count of the complaint in *Herman* the plaintiff alleged the fraudulent inducement to enter into a release of his damage claim by an adjuster who had explained the legal effect to him. On this basis the court found that the allegations of unauthorized practice of law on the part of the adjuster were sufficient to state a cause of action on that theory and that proof thereof would justify injunctive relief. The court went on to remark that if the release signed by the plaintiff, allegedly represented to be an insurance deductible reimbusement form, was proved to be a product of fraudulent misrepresentations, damages could be assessed for the defendant's wrongful conduct. Thus, the wrongful conduct upon which damages could be assessed was a reference to the defendant's alleged fraudulent misrepresentations and not the unauthorized practice of law.

The plaintiff asserts that she has not brought her action against these defendants as a malpractice suit, but that she has sought to recover damages on the theory that the defendants violated a specific statute enacted by the legislature for her protection. Thus, the plaintiff in her amended count 8 does not allege negligence on the part of the defendants, nor does she allege that any of the defendants represented themselves to be attorneys such that they would be held to a higher duty of care. (See *Miller v. Whalen*, 158 Ill. 544, 42 N.E. 59 (1895).) The statute relied upon by the plaintiff provides that one found guilty of the unauthorized practice of law may be restrained from so doing and punished for contempt of court (Ill. Rev. Stat. 1975, ch. 13, par. 1). The statute is silent on the allowance of damages and we have been unable to find a case that so holds. We believe that the statute is intended to prevent the practice of a profession by one who has not first complied with the licensing requirements rather than an attempt to legislate a standard of conduct. We decline to construe the statute as including within its remedies an action for damages. Moreover, we note that the allegations in amended count 8 would otherwise seem to add nothing to the plaintiff's allegations in the other counts of her complaint against these defendants. Accordingly, we find no error in the trial court's dismissal of the amended count 8 of the plaintiff's complaint on the grounds that it failed to state a

cause of action for damages. Our finding renders it unnecessary for us to determine whether the alleged actions of the defendants constituted the unauthorized practice of law or whether the action was barred by the statute of limitations.

For the foregoing reasons, the order of the Circuit Court of St. Clair County is affirmed.

Affirmed.

EBERSPACHER, P. J., and JONES, J., concur.