TEODORO TORRES *et al.*, Plaintiffs-Appellants, *v.* LORENZO FIOL, JR., Defendant-Appellee.

First District (5th Division) No. 81—2099

Opinion filed October 29, 1982.

Leo M. Bleiman, P.C., of Chicago (Joel S. Ostrow, of counsel), for appellants.

No appearance for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from a dismissal of that portion of their amended complaint seeking damages against defendant, Lorenzo Fiol, Jr., a nonattorney, for his alleged practice of law involving a business transaction. On appeal plaintiffs contend that the trial court erred in concluding that in this State an action for compensatory damages is not cognizable for the negligent practice of law by a nonattorney. Defendant has not filed a brief, but we shall consider the merits of plaintiffs' position. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The two-count amended complaint recited that plaintiffs owned a certain parcel of real estate and managed a grocery and liquor store situated thereon. In 1979 they agreed to lease the store to Octavio Serrano, who assumed certain contractual obligations to the mortgage holder. Plaintiffs alleged that they contacted defendant, who held him-

self out to the public for the purpose of rendering legal services, to prepare the necessary documents for the transaction. Plaintiffs claimed that defendant rendered a legal opinion and advice on the transaction and also prepared the documents for the transaction, although they averred he performed the latter in an improper and careless manner.

The parties then filed memorandums of law following defendant's motion to dismiss the complaint. The trial court, citing *Rathke v. Lidisky* (1978), 59 Ill. App. 3d 560, 375 N.E.2d 871, and section 1 of "An Act to revise the law in relation to attorneys and counselors" (Ill. Rev. Stat. 1979, ch. 13, par. 1), held that no private cause of action for damages for the unauthorized practice of law is recognized in Illinois.

In *Rathke* a real estate buyer sought damages against several realtors for their unauthorized practice of law when one or more allegedly inserted a provision into a printed sales contract. The appellate court opinion recited that plaintiff had not alleged that defendants were negligent or that they had represented themselves as attorneys. Rather plaintiff's claim was predicated upon section 1 of "An Act to revise the law in relation to attorneys and counselors" dealing with the unauthorized practice of law, and plaintiff apparently asserted that a mere violation of this statute gave rise to a cause of action for damages. The court held that this statute did not permit a claim for damages.

■ The statute in question provides a contempt sanction against a person for the unauthorized practice of law. In addition, the statute recites:

> "The provisions of this Act *shall be in addition to other remedies permitted by law* and shall not be construed to deprive courts of this State of their inherent right to punish for contempt or to restrain the unauthorized practice of law." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 13, par. 1.)

The underscored language of the statute plainly evidences a legislative intent not to circumscribe other theories of recovery against a nonattorney who is retained to perform legal duties and who then mishandles the matter. We therefore conclude that the statute and *Rathke*, which interpreted that provision, do not preclude this action.

While not extensive there appear several reported decisions allowing for the recovery against a nonattorney for the unauthorized and negligent practice of law. In *Biakanja v. Irving* (1958), 49 Cal. 2d 647, 320 P.2d 16, a nonattorney was charged with improperly preparing a will. The court commented that "such conduct should be dis-

couraged and not protected by immunity from civil liability, as would be the case if plaintiff, the only person who suffered a loss, were denied a right of action." (49 Cal. 2d 647, 651, 320 P.2d 16, 19.) Our supreme court in *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, rejected *Biakanja* insofar as it allowed a third party to seek recovery against an attorney for alleged malpractice. However, *Pelham* is not related to the issue presented in this case.

Similar to the *Biakanja* case is *Latson v. Eaton* (Okla. 1959), 341 P.2d 247, where a nonattorney was held liable for the preparation of legal documents. Further, in *Mattieligh v. Poe* (1960), 57 Wash. 2d 203, 356 P.2d 328, the court remarked that the undertaking involving the practice of law by a real estate broker, who was not an attorney, may render him liable if the work is negligently performed. See also *Wright v. Langdon* (Ark. 1981), 623 S.W.2d 823.

■ Because of the above authorities and the lack of contrary precedent in this State we conclude that plaintiffs are not prevented from proceeding against defendant upon a negligence theory for his alleged improper activity. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SULLIVAN, P.J., and MEJDA, J., concur.