FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BUREAU COUNTY, Plaintiff-Appellee, v. MARTIN P. SADNICK, Defendant-Appellant.

Third District    Nos. 3—87—0065, 3—87—0203 cons.

Opinion filed November 20, 1987.

Petz & Kozel, of La Salle (Kenneth A. Kozel, of counsel), for appellant.

Holmstrom & Green, P.C., of Peru (James A. Andreoni, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Martin Sadnick, obtained a mortgage from the plaintiff, First Federal Savings and Loan Association of Bureau County (First Federal). Sadnick failed to make his mortgage payments and First Federal filed a complaint for foreclosure against Sadnick seeking to foreclose on the property. Sadnick then filed a motion to dismiss the complaint, contending the mortgage was invalid because it was not prepared by an attorney. The motion was denied and the circuit court entered a decree for foreclosure. Sadnick then moved to vacate the decree for foreclosure. This motion was also denied and the property was sold by the La Salle County sheriff.

On appeal, Sadnick argues the trial court erred when failing to dismiss First Federal's foreclosure complaint because the mortgage was not prepared by an attorney. Sadnick also argues the $600 fee collected by the sheriff for selling the property is unconstitutional because it is excessive.

Initially, Sadnick contends that because First Federal is a corporation which prepared the mortgage at issue, and since a corporation cannot practice law, the complaint for foreclosure should be dismissed and the mortgage rendered void. In support of this position, Sadnick cites the case of *Chicago Bar Association v. Quinlan & Tyson, Inc.* (1966), 34 Ill. 2d 116, 214 N.E.2d 771. In *Quinlan & Tyson,* licensed real estate brokers and salespersons, acting on behalf of sellers, drew contracts of purchase and sale, prepared deeds and other instruments necessary to clear or transfer title, and supervised the closings of transactions. The brokers also inserted factual information in blanks on forms originally drafted by attorneys. The Illinois Supreme Court held that merely filling in the blanks constituted "practicing law" even though the brokers and salespersons were not directly compensated for doing so. The court stated:

> "The drawing or filling in of blanks on deeds, mortgages or other legal instruments subsequently executed requires the peculiar skill of a lawyer and constitutes the practice of law.
>
> * * *
>
> Drafting and attending to the execution of instruments relating to real-estate titles are within the practice of law, and neither corporations nor any other persons unlicensed to practice the profession may engage therein." 34 Ill. 2d at 122-23.

However, the Illinois Supreme Court suggested in *Quinlan & Tyson* that an exception exists to the general rule stated above. The exception allows persons to engage in activities that otherwise might constitute "practicing law" as long as the activities are incidental to the corporation's main business. The court stated:

> " 'Any one who wants to pay the price may purchase a set of form books and read and copy them. He may use them in his own business if he so desires. But when he advises others for a consideration, that this or that is the law, or that this form or that is the proper form to be used in a certain transaction, then he is doing all that a lawyer does when a client seeks his advice.' " *Chicago Bar Association v. Quinlan & Tyson, Inc.* (1966), 34 Ill. 2d 116, 122, 214 N.E.2d 771, quoting *People ex rel. Illinois State Bar Association v. Schafer* (1949), 404 Ill. 45, 52, 87 N.E.2d 773.

In this case, First Federal prepared the mortgages for its own purposes. In addition, First Federal did not provide legal advice to mortgagors and did not prohibit them from retaining an attorney. First Federal was merely preparing the mortgage documents; this without more does not constitute the practice of law. Further, this finding is consistent with *Johnson v. Pistakee Highlands Community Association* (1979), 72 Ill. App. 3d 402, 390 N.E.2d 648. The *Johnson* case involved a secretary of a corporation who filed a lien against certain property owned by the Johnsons. The court stated the issue in the case was whether the preparation and filing with the recorder of deeds of a claim for lien by a nonlawyer officer of a not-for-profit corporation constitutes the unauthorized practice of law.

The court decided that the actions as a corporate employee, who is not a licensed attorney, in preparing a claim for lien form and filing the form with a local recorder of deeds did not constitute the unauthorized practice of law by a corporation. The court reasoned that the corporation's actions in preparing documents were analogous to the actions of an individual preparing documents for his own personal transactions and thus perfectly legal and appropriate.

Sadnick seeks to distinguish *Johnson* on the basis that a claim for a lien is signed only by the claimant and is not a subsequently executed instrument like a deed or mortgage.

■ However, these attempts to distinguish *Johnson* are not persuasive. *Johnson* does not contain any language suggesting that the court intended to limit its holding to documents which need be signed only by the party drafting or completing them. The *Johnson* court held that corporations could act for their own benefit as long as they do not hold themselves out as a legal advisor or representative to anyone else. Thus, because First Federal was acting for its own benefit and did not hold itself out as a legal advisor or representative, the trial court could have and did determine that it was not engaged in the unauthorized practice of law.

■ Sadnick's second contention is that the sheriff of La Salle County's $600 fee for selling the property is unconstitutional. The real estate described in the mortgage sought to be foreclosed was sold by the La Salle County sheriff during the course of the proceedings. The sheriff charged and collected a $600 fee pursuant to section 1 of "An Act to provide for the fees of the sheriff ***" (Ill. Rev. Stat. 1985, ch. 53, par. 71). The Illinois legislature set the fee schedule provided in the statute. The schedule provides for various fee charges based upon the value of the property sold. Examining the statute, we do not find the fees provided by the legislature to be excessive or arbitrary.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.