THE DEPARTMENT OF PUBLIC AID *ex rel.* PAMELA MARSHALL, n/k/a Pamela McNeal, Plaintiffs-Appellants, v. MICHAEL RINGO, Defendant-Appellee.

Third District    No. 4—97—0487

Opinion filed January 27, 1999.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Laura M. Wunder and Diane Buschmann (argued), Assistant Attorneys General, of counsel), for appellant.

J. Scott Swaim, of Swaim & Swaim, of Kankakee, and Sherry K. Leckrone (argued), of Manteno, for appellee.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

The Illinois Department of Public Aid (Department) appeals from a judgment dismissing its petition to modify the child support obligation of Michael Ringo (respondent). The Department maintains that the trial court erred in finding that it did not have standing to bring a petition to modify. We find that the Department did have standing; thus, we reverse and remand for further proceedings.

In 1980 the Department filed a paternity action on behalf of Pamela Marshall and against the respondent, alleging that he was the father of Marshall's child, J.R. In that proceeding, an order was entered requiring the respondent to pay $25 bimonthly to the clerk of the court. The order also provided that the clerk would turn over that amount to the Department, pursuant to an assignment by Marshall for public aid received on behalf of J.R. The record indicates that the respondent failed to make the ordered payments, and in 1982 a rule to show cause was issued by the court. The respondent failed to appear in answer to the court's show cause rule, was arrested on a bench warrant and posted bond that was eventually applied to the outstanding arrearage owed to the Department.

Nothing further transpired on this matter until January 1996 when the Department filed a petition for a rule to show cause alleging that the respondent had a child support arrearage in excess of $8,000. At the same time, the Department also filed a petition to modify the respondent's child support obligation, specifically alleging that he had a substantial increase in income warranting a corresponding increase in his current support obligation. A hearing was held on the petition to modify and evidence was taken concerning the respondent's current income. At the close of the Department's case, the respondent's attorney made an oral motion to dismiss the petition, contending that the Department lacked standing to bring the petition to modify as there had been no evidence presented to show that Marshall was currently receiving public aid. The Department moved to reopen its case to present evidence of Marshall's status as a public aid recipient, but the trial court denied the request. The motion to dismiss based upon a lack of standing was granted.

The Department then filed a motion asking the trial court to reconsider its determination that the Department lacked standing to bring the petition to modify. By docket entry dated July 22, 1996, the trial court in ruling on the Department's motion to reconsider, vacated the order of dismissal and allowed the Department to present evidence of Marshall's status as a public aid recipient. Subsequently, an evidentiary hearing was held at which the Department introduced Depart-

ment records, authenticated by certification pursuant to section 10—13.4 of the Illinois Public Aid Code (305 ILCS 5/10—13.4 (West 1996)), showing that Marshall and J.R. were currently receiving public assistance from the Department. At the close of the evidentiary hearing, the trial court declared that the motion to reconsider would remain under advisement.

By docket entry dated April 29, 1997, the trial court indicated that the Department's motion to reconsider was denied, presumably affirming the initial ruling that the Department lacked standing to file the petition to modify. This appeal by the Department followed.

■ Before ruling on the merits of the Department's appeal, we must briefly address the appropriate standard of review. Courts typically treat the lack of standing as an affirmative defense, which is properly raised in a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)). See *Kaden v. Pucinski*, 287 Ill. App. 3d 546 (1997). Although Ringo's motion to dismiss did not comply with the procedural requirements of section 2—619, the trial court had discretion to consider the motion as a section 2—619 motion despite the procedural irregularities. See *In re Marriage of Brownfield*, 283 Ill. App. 3d 728 (1996). For the same reason, we will consider the motion to dismiss based upon lack of standing to have been granted pursuant to section 2—619 of the Code of Civil Procedure. A dismissal pursuant to section 2—619 is reviewed *de novo. Midland Hotel Corp. v. Director of Employment*, 282 Ill. App. 3d 312 (1996).

■ Where the standing of an administrative agency is at issue, the interest or duty of the agency, as prescribed by statute, determines whether the agency has standing in a judicial proceeding. *Department of Registration & Education v. Aman*, 3 Ill. App. 3d 784 (1972). Here, the Department's standing is determined by its interests and duties as prescribed in the Public Aid Code (305 ILCS 5/10—1 *et seq.* (West 1996)).

■ Section 10—1 of the Public Aid Code mandates that the Department provide child support services to public aid recipients. Specifically, the statute provides that "[t]he child and spouse support services provided hereunder shall be furnished to dependents of an absent parent or spouse who are applicants for or *recipients of* financial aid under this Code." (Emphasis added.) 305 ILCS 5/10—1 (West 1996). Here, the record clearly established that Marshall and J.R. were recipients of financial aid under the Public Aid Code. Thus, the Department is required by statute to provide "child and spouse support services" to Marshall and J.R. The question then becomes whether filing a petition to modify Ringo's child support obligation is a "support ser-

vice" contemplated under the Public Aid Code. If so, then the Department had standing to file the petition and the trial court erred in holding otherwise.

■ After carefully reviewing both the federal and state statutory framework regarding the provision of public aid, we hold that the filing of a petition to modify a child support obligation is a support service contemplated under the Public Aid Code. The statutory basis under which the Department administers public aid is prescribed by federal statute. See *In re Marriage of Lappe*, 176 Ill. 2d 414 (1997). Child support services, as provided by the Department, derive from requirements of federal law (Title IV-D of the Social Security Act, 42 U.S.C. § 651 *et seq.* (1994)) and involve federal funding. Federal law mandates that states provide services for determining paternity and for the establishment, *modification*, or enforcement of child support obligations. 42 U.S.C. § 654(4)(A) (1994). These services must be provided to each child for whom assistance is provided under the state program funded under part A of Title IV-D. 42 U.S.C. § 654(4)(A)(i) (1994). Here, the record established that the public aid received by Marshall and J.R. was from programs funded under part A of Title IV-D.

Federal law also requires that states accepting federal funding for public aid must review child support orders covering individuals receiving benefits at least once every three years and seek modifications if circumstances warrant. 42 U.S.C. § 666(a)(10)(A) (1994). Illinois has implemented this requirement at section 510(a)(2)(B) of the Illinois Marriage and Dissolution of Marriage Act, which provides that where a party is receiving child support services from the Department, support orders may be modified at three-year intervals if the existing order is inconsistent with the amount derived by application of the statutory guidelines for minimum levels of child support. 750 ILCS 5/510(a)(2)(B) (West 1996).

The respondent maintains that the Department's statutory obligation to file a petition to modify child support obligations is limited to actions necessary to collect the amount of an arrearage specifically assigned by the recipient to the Department. In support of his position, the respondent notes that the Department is not authorized by statute to collect an arrearage that accumulated prior to the receipt of public aid by the recipient of child support. See *In re Marriage of Mesecher*, 272 Ill. App. 3d 73, 79 (1995). However, *Mesecher* did not address the issue of the Department's standing, but merely held that the Department was not a necessary party to a petition to establish the arrearage. *Mesecher*, 272 Ill. App. 3d at 79. Thus, *Mesecher* is distinguishable from the instant matter. Based upon our review of the

254

federal and state statutory framework, we find that the Department has standing to bring a petition to modify a child support obligation on behalf of public aid recipients without regard to any assignment of an arrearage to the Department.

The Department also maintains that the Public Aid Code confers standing upon the Department to file a petition for modification of a child support obligation even if the recipient of the support is not currently receiving public aid. Since we have found that Marshall and J.R. were in fact recipients of public aid at the time the Department filed the petition to modify, we will not address this issue.

For the foregoing reasons, the judgment of the circuit court of Kankakee County dismissing the Department's petition based upon a lack of standing is reversed and the cause is remanded to the trial court for further action consistent with this decision.

Reversed and remanded.

SLATER and BRESLIN, JJ., concur.