3 April 2000

No. 3--99--0619

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2000

WALLACE WESTERDALE, ) Appeal from the Circuit Court

Plaintiff-Appellant, ) for the 9th Judicial Circuit,

) McDonough County, Illinois

v. ) 

) 

RUTH CAROLYN GROSSMAN, SARAH ) 

GRACE TOLLIVER, JOHN ) No. 98--CH--12

ZIMMERMAN, LEGAL )

REPRESENTATIVE OF ESTATE OF )

LORETTA WESTERDALE, UNKNOWN ) Honorable

OWNERS and UNKNOWN PARTIES, ) Patricia A. Walton 

Defendants-Appellees. ) Judge, Presiding 

_______________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

Plaintiff Wallace Westerdale sought to partition his life estate from those interests held by his sisters, defendants Sarah Grace Tolliver and Ruth Carolyn Grossman (collectively, the sisters).  The trial court agreed with Ruth’s contention that the contingent nature of the remainder interest in Wallace’s life estate prevented the partitioning of the land and granted her motion to dismiss.  We reverse and hold that a tenant in common, as the holder of a life estate, has an absolute right to force a partition between himself and his co-tenants even when the petitioner’s remainder in his life estate is contingent. 

FACTS

Loretta Westerdale died testate in 1978.  Loretta’s will divided her real estate into three shares for each of her three children, Wallace, Sarah and Ruth.  The sisters each received a one-third share of their mother’s real estate in fee.  Their brother, Wallace, received a life estate in the remaining one-

third.  A contingent remainder in Wallace’s one-third interest was given to any surviving children of Wallace except Victoria Westerdale.  Victoria was Wallace’s only child at the time this action was filed.  It was conceded by the parties that Wallace could have more children before his death.

Should Wallace have no children other than Victoria, the will provides that the remainder of his life estate is to go to his sisters if they survive him and, if not, to the estates of Wallace, Ruth and Sarah.

In 1998, Wallace filed a complaint for partition.  The complaint named the sisters and the legal representative of their mother’s estate as defendants, along with other unknown owners and parties, due to the contingent nature of the remainder.  Ruth filed a motion to dismiss claiming that because Wallace could still have children, partition could not be accomplished as it would be impossible for a court to determine the share that each child of Wallace would take.  The trial court agreed, finding that Wallace lacked standing to file a partition action.  Wallace filed a motion to reconsider, and the court denied the motion.  Wallace appeals.

ANALYSIS

The sole issue on appeal is whether the trial court erred when it held that Wallace, as a life tenant, was barred from pursuing a partition action because the remainder interest in his life estate is contingent. 

A motion to dismiss based upon a lack of standing is generally treated as an affirmative defense under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1998)) and is reviewed 
de
 
novo
. 
Department of Public Aid ex rel. Marshall v. Ringo
, 303 Ill. App. 3d 250, 706 N.E.2d 1047 (1999).  We will treat it as such.

On appeal, Wallace argues that a tenant in common has a right to partition by statute.  Section 17-101 of the Code of Civil Procedure (Code) provides that "[w]hen lands, tenements or hereditaments are held in joint tenancy or tenancy in common *** any one or more of the persons interested therein may compel a partition thereof." 735 ILCS 5/17-101 (West 1998).  While the creation of a joint tenancy requires the four unities of time, title, interest and possession, a tenancy in common needs only the unity of possession to exist, in that each co-tenant has an equal right of possession and enjoyment with respect to the entire property. R. Cunningham, W. Stoebuck & D. Whitman, The Law of Property § 5.2, at 188 (2d ed. 1984); 
Dunn v. Patton
, 307 Ill. App. 3d 375, 718 N.E.2d 264 (1999).

Courts have interpreted section 17-101 of the Code to mean that a tenant in common has an absolute right to partition. 
In re Marriage of Clearman
, 85 Ill. App. 3d 584, 407 N.E.2d 189 (1980).  The right to partition is imperative and completely binding upon courts of equity when a case is fairly brought within the law authorizing such proceeding. 
Peck v. Peck
, 16 Ill. 2d 268, 157 N.E.2d 249 (1959).  Moreover, the motive for partition is immaterial and the absolute right to partition yields to no consideration of hardship, inconvenience, or difficulty. 
Heldt v. Heldt
, 29 Ill. 2d 61, 193 N.E.2d 7 (1963). 

In this case, Wallace and his sisters have an equal right to possession of the land though not an equal interest in the land.  Accordingly, they are tenants in common and each tenant has an absolute right to partition the land so long as the partition action will not circumvent established principles of law or public policy.
 
Heldt
, 29 Ill. 2d at 63, 193 N.E.2d at 9.  We find no evidence in the record, and his sisters do not contend, that Wallace is using the partition action to circumvent the law or public policy of this state.

The trial court relied upon 
Whittaker v. Porter
, 321 Ill. 368, 151 N.E. 905 (1926),
 for the proposition that no partition may be had when a life estate exists and the class of remaindermen is not closed.  Specifically, the court seized upon the fact that the 
Whittaker
 court denied partition because it could not fix the share to which each co-owner would be entitled.  

It is true that the 
Whittaker
 court determined that when the remainder of a life estate is contingent in quantity until the death of the life tenant because of the possibility of the birth of other children, the remainder of the estate cannot be partitioned.  This is correct because, as the trial court in this case noted, the number of shares in which the remainder must be divided cannot be ascertained until the life tenant’s death.  

But Wallace did not ask the trial court to partition the remainder of his life estate.  Instead, he requested that his life estate be partitioned from that of his sisters.  Thus, his estate would remain intact until his death when it would be divided among his children, should he have any in addition to Victoria.

While we find no case law directly on point, the 
Whittaker
 court addressed an analogous situation when it stated:

"Partition may, however, be made of the life estate, and in a case where the estate of one group of remaindermen is one undivided half and the estate of another group of remaindermen is the other undivided half of the property, the mere fact that the quantity of the interest of the various members of the respective groups, as among themselves, is unascertainable constitutes no legal objection to setting apart to each group one-half of the lands owned in common if either group desires it." 
Whittaker
, 321 Ill. at 377, 151 N.E. at 910.

We find that the interests of Wallace and his sisters may be so divided.  It is of no consequence that Wallace’s estate may not itself be divided because of its contingent nature due to the possible birth of more remaindermen.  The life estate itself is to remain intact and will simply be partitioned from the fees held by his sisters. 

The Illinois Supreme Court, relying upon 
Whittaker
, stated just two years later in 
Snapp v. Gallehue
, 333 Ill. 138, 143, 164 N.E. 222, 224 (1928), that "partition may be had of the common life estate."  The parties seeking partition in the 
Snapp
 case similarly held the land as life tenants.  Thus, there appears to be no justification for the trial court’s statement in its order that Wallace lacked standing to bring a partition action because he was a life tenant rather than a vested remainderman.    

Ruth argues that 
Snapp
 provides that a life estate may be partitioned only when the estate is held in common by several life tenants.  She contends that if she and her siblings each owned a life estate in the land, partition would be possible.  But she maintains that allowing partition when there is only one life tenant will do great injustice to the possible remaindermen.  Ruth, however, does not discuss why partition would be proper if all three children were life tenants but not when only one is a life tenant.  Nor does she state what injustice partition will cause to the remaindermen in this case.  

We find no support in case law or in section 17-101 of the Code for Ruth’s proposition that a life tenant may force partition only when all co-tenants are life tenants.  We also can discern no reason why a possible remainderman’s interest would be jeopardized by a partition proceeding between a life estate and two estates in fee but not between three life estates.  

Lastly, Ruth contends that only a vested remainderman may bring a suit for partition and not a life tenant.   For this proposition she relies upon 
Wells v. Dalies
, 318 Ill. 301, 149 N.E. 279 (1925), and 
Hayden v. McNamee
, 392 Ill. 99, 63 N.E.2d 876 (1945).  In particular, she seizes upon the following language found in both 
Wells
 and 
Hayden
:  
"Neither the existence of the life estate nor the fact that there are contingent interests in a portion of the estate will be an obstacle to a partition on the application 
of one in whom a remainder is vested
." (Emphasis added). 
Wells
, 318 Ill. at 304, 149 N.E. at 281; 
Hayden
, 392 Ill. at 112, 63 N.E.2d at 882.  

In 
Hayden
, it was the owners of a vested remainder who sought partition, and in 
Wells
, the complainant in the partition action held a vested interest in fee.  Thus, in both 
Hayden
 and 
Wells
 
the courts were asked to rule upon whether the owner of an interest in fee was entitled to seek partition.  It does not appear to us, however, that either court went so far as to suggest that only a vested remainderman or one who holds an interest in fee may seek partition.  Indeed, such a limited reading of 
Wells
 and 
Hayden
 is directly contrary to the language in section 17-101 of the Code, which states that when persons hold land as tenants in common "any one or more of the persons interested therein may compel a partition thereof." 735 ILCS 5/17-101 (West 1998).  

Accordingly, we reverse the decision of the trial court denying Wallace the right to partition his life estate from those interests held by his sisters.
 

For the foregoing reasons, 
the judgment of the circuit court of McDonough County is reversed and this cause is remanded for 
further proceedings consistent with this opinion.

Reversed and remanded.

KOEHLER, J., and LYTTON, J., concur.