WILLARD J. KING, JR., *et al.*, Plaintiffs-Appellees, v. FIRST CAPITAL FINANCIAL SERVICES CORPORATION, d/b/a FCF Funding, Defendant-Appellant.

Third District No. 3—02—0488

Opinion filed September 26, 2003.

Richard A. Davidson, of Lane & Waterman, of Davenport, Iowa, and Steven A. Levy (argued), and Brian D. Fagel (argued), both of Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, of Chicago, for appellant.

Danita V. Ivory, Daniel A. Edelman, Cathleen M. Combs (argued), and James O. Latturner, all of Edelman, Combs & Latturner, L.L.C., of Chicago, and H.J. Dane, of Wehr, Berger, Lane & Stevens, of Davenport, Iowa, for appellees.

Lisa M. Lilly and Richard L. Fenton, both of Sonnenschein, Nath & Rosenthal, of Chicago, and Robert J. Pratte, of Briggs & Morgan, P.A., of Minneapolis, Minnesota, for *amicus curiae*.

PRESIDING JUSTICE McDADE delivered the opinion of the court:

Defendant, First Capital Financial Services Corp. (First Capital), seeks, by interlocutory appeal, review of a decision of the circuit court of Rock Island County denying its motion to dismiss two counts of plaintiffs' complaint charging defendant with the unauthorized practice of law. The appeal asks (1) whether a lender that prepares documents for use in loan transactions in which the lender is involved and charges the borrower for the preparation of those documents is engaged in the unauthorized practice of law, and (2) assuming *arguendo* that the answer to the first issue is "yes," whether a private cause of action exists for the lender's unauthorized practice of law. We find that the challenged actions are not the unauthorized practice of law. Having so found, we do not reach the second certified question. The matter is remanded to the circuit court for further proceedings consistent with this opinion.

## BACKGROUND

On December 29, 2000, the plaintiffs, Sheila and Willard King, secured a mortgage loan from the defendant, First Capital, for the purpose of buying a new home. The mortgage was for $86,000, and

the loan also contained a number of administrative fees, one of which was $225 for "document preparation." The fee was charged by First Capital in order to recoup costs incurred in the preparation of "the note and related documents."

After they received the mortgage, the plaintiffs filed a four-count complaint against First Capital, alleging: (1) an individual claim that First Capital violated the Truth in Lending Act (15 U.S.C. § 1601 *et seq.* (2000)) by failing to properly disclose the finance charges on the mortgage; (2) a class claim that First Capital engaged in the unauthorized practice of law by preparing the mortgage documents and charging the document preparation fee; (3) a class claim that First Capital violated the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*, (West 2000)), by engaging in the unauthorized practice of law without giving notice to the Kings of that fact; and (4) a class claim that the defendant is required to repay the document preparation fee under a theory of money had and received.

First Capital filed a motion under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2002)) to dismiss the three class claims grounded in the alleged unauthorized practice of law. The court granted the motion to dismiss count II of the complaint, ruling that the statute prohibiting the unauthorized practice of law does not confer a private right of action. The court denied the motion to dismiss the other two claims, finding that, if unauthorized practice of law could be shown, actions for consumer fraud and money had and received could be alleged. The defendant took an interlocutory appeal from the decision of the trial court and maintains that all three of the plaintiffs' class counts should have been dismissed.

## ANALYSIS

■ The court should grant a section 2—615 motion to dismiss when the allegations in the complaint, viewed in the light most favorable to the plaintiff, fail to support a cause of action upon which relief can be granted. *Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424, 712 N.E.2d 330, 333 (1999). This court will review the trial court's ruling on a section 2—615 motion *de novo*. *Bloomfield*, 186 Ill. 2d at 424, 712 N.E.2d at 333.

The trial court certified two questions on appeal: first, whether the act of preparing mortgage documents and charging a fee for that preparation amounted to the unauthorized practice of law when done by a nonattorney, and second, if the defendant's action constituted the unauthorized practice of law, did plaintiffs have the right to seek a private remedy for the activity. For the following reasons, we find that First Capital did not engage in the unauthorized practice of law.

This case is similar to our decision in *First Federal Savings & Loan Ass'n of Bureau County v. Sadnick*, 162 Ill. App. 3d 581, 515 N.E.2d 1354 (1987). In that case, the plaintiff entered into a mortgage with the defendant, a savings and loan, and the defendant prepared the mortgage document. When the defendant attempted to foreclose on the property, the plaintiff filed suit, alleging that the mortgage was invalid because the defendant had engaged in the unauthorized practice of law in creating the documents without the assistance of a lawyer. *Sadnick*, 162 Ill. App. 3d at 581, 515 N.E.2d at 1355.

This court disagreed with the plaintiff. Relying on *Chicago Bar Ass'n v. Quinlan & Tyson, Inc.*, 34 Ill. 2d 116, 214 N.E.2d 771 (1966), the court held that since the defendant had prepared the documents for use in its own business, it was not engaged in the unauthorized practice of law but, rather, was acting *pro se. Sadnick*, 162 Ill. App. 3d at 583, 515 N.E.2d at 1356. The court found it relevant that the defendant had prepared the documents for its own protection in the transaction, that it had not held itself out as a legal representative or advisor, and that it had not prevented the plaintiff from seeking his own counsel to review the documents. *Sadnick*, 162 Ill. App. 3d at 583, 515 N.E.2d at 1356.

*Sadnick* is dispositive of the present case. Nevertheless, the plaintiffs attempt to distinguish the case, pointing out that the defendant here, unlike that in *Sadnick*, charged a fee for the preparation of the documents. The plaintiffs assert that the effect of the fee is to transform otherwise legal activity into the unauthorized practice of law.

■ We reject that argument. As the supreme court in *Quinlan & Tyson* recognized with regard to unauthorized practice, it is "the character of the acts themselves that determine the issue." *Quinlan & Tyson*, 34 Ill. 2d at 120, 214 N.E.2d at 774. The court noted that whether a defendant charges a fee for the act is not decisive of whether it is unauthorized practice. *Quinlan & Tyson*, 34 Ill. 2d at 120, 214 N.E.2d at 773. In *Quinlan & Tyson*, the documents were prepared by defendant, not for its own use but for others to use with their clients. The court found defendant's acts were not *pro se*. In this case, as in *Sadnick*, the documents prepared by First Capital were solely for its own use and the acts complained of are, therefore, *pro se*. The defendant has not held itself out to be a legal advisor and has not prevented the plaintiffs from seeking legal advice concerning the mortgage.

The defendant has chosen to shift the transaction cost of preparing the documents to the plaintiffs, but we find no basis for finding that this transforms otherwise legitimate conduct into unauthorized

practice. As the *amicus* points out, the defendant could have charged the fee in a number of other ways, including merging it with other fees or charging a higher interest rate. The fact that the defendant chose to itemize the fee separately as a "document preparation fee" does not change the essential character of the conduct.

The trial court also certified the question of whether the plaintiffs have a private right of action for the defendant's unauthorized practice of law. As we have found that the defendant did not engage in the unauthorized practice of law, that issue is moot.

## CONCLUSION

This case falls within the rule enunciated by this court in *Sadnick*. The activities engaged in by the defendant, even when a fee is charged, are not the unauthorized practice of law. Counts III and IV of the complaint should have been dismissed and we remand the case for further proceedings consistent with this opinion.

Certified question answered; cause remanded.

SLATER, J., concurs.

JUSTICE LYTTON, specially concurring:

I specially concur because I am not as convinced as the majority that *First Savings & Loan Ass'n of Bureau County v. Sadnick*, 162 Ill. App. 3d 581 (1987), is indistinguishable from this case. On the contrary, I believe that the trial judge was correct when she indicated that the fee charged in this case "changes the nature of the transaction ***. [The Kings] paid [the fee] in exchange for a benefit to them, which is getting these documents prepared." When the Kings were required to either pay the fee or do without the mortgage, the transaction was no longer only incidentally beneficial to the Kings. Paying the fee to prepare the document became a critical part of the lending process that enabled the Kings to successfully close their purchase of the real estate.

Nonetheless, I do not believe that the Kings have a remedy in Illinois law. Section 1 of the Attorney Act does not allow money damages for the unauthorized practice of law, but the statute does sanction "other remedies permitted by law." 705 ILCS 205/1 (West 2000). Thus, we must review what "other remedies" exist in Illinois. The legislature permits actions to enjoin the unauthorized practice of law, and courts always have the inherent authority to punish it by contempt. Damages, however, can only be levied under more traditional common law theories of recovery such as negligence (see *Torres v.*

*Fiol*, 110 Ill. App. 3d 9, 10 (1982) ("The \*\*\* language of the statute plainly evidences a legislative intent not to circumscribe other theories of recovery against a nonattorney who is retained to perform legal duties and who then mishandles the matter")), or a breach of a duty of good faith and fair dealing by persons who falsely represent themselves as attorneys (see *Rathke v. Lidisky*, 59 Ill. App. 3d 560, 562 (1978), citing *Miller v. Whalen*, 158 Ill. 544 (1895)), which indicates a breach of a fiduciary relationship. See *Illinois Tool Works Inc. v. Kovac*, 43 Ill. App. 3d 789 (1976).

I have tried to rationalize why and how the line that divides equitable relief from damages for the unauthorized practice of law is drawn. I believe that the rationale is very simply the difference between money damages caused by the malfeasance, misfeasance, or nonfeasance of a nonattorney as opposed to acts of unauthorized practice for which there is no monetary loss. In other words, if you receive value for the legal services of an unauthorized practitioner, you cannot complain. If you suffer loss because of negligence or a breach of fiduciary duty by the nonlawyer, you can sue for money damages.[1]

For example, if a nonattorney represents a plaintiff in a personal injury case, does the job well and reaps a substantial judgment, the "client" cannot sue the nonattorney for the contingent fee simply for practicing law without a license. Of course, the nonlawyer can be enjoined from practicing, or the trial court can hold the person in contempt, but no damages would accrue because there is no loss to the client. If, however, the nonattorney is negligent, and the case flounders, the client could sue for damages caused by the negligence, but not for any contingent fee collected. Thus, it would seem that a kind of malpractice action for the negligent unauthorized practice of law is permitted.

Similarly, if a nonlawyer advises the "client" that he or she is an attorney and prepares a perfectly satisfactory will, there would be no cause of action for the legal fee for the services based on the unauthorized practice. However, if faulty drafting causes the wrong heir to inherit, an action for damages might be allowed for a breach of fiduciary duty. See *Miller*, 158 Ill. at 557.

It appears that the distinction between damages caused by negligence or a breach of fiduciary duty on one hand, and the mere status of being an unauthorized practitioner on the other, must underlie the divergent remedies at issue. The logic is, apparently, that if you get your money's worth, you cannot complain. Thus, plaintiffs'

---

[1] I note that similar rules apply to those who *are* licensed to practice law.

counts for money had and received and for violating the consumer fraud act are not allowed under Illinois law because they do not seek damages for the inept unauthorized practice of law, but simply for restitution of the fee paid for defendant's unauthorized practice of law. But see *Lawson v. First Union Mortgage Co.*, 786 N.E.2d 279 (Ind. App. 2003).

In this case, plaintiffs did not allege that defendant's agents were negligent or misrepresented themselves as attorneys. Without more, a cause of action was not pled, and the complaint should be dismissed.

