No. 3--09--0170

Filed December 7, 2009

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| DOROTHY I. PORUBA, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit |
| Plaintiff-Appellant, | ) | La Salle County, Illinois |
| | ) | |
| v. | ) | No. 08--CH--351 |
| | ) | |
| FRANK A. PORUBA, JR., | ) | |
| | ) | Honorable James A. Lanuti, |
| Defendant-Appellee, | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the opinion of the court:

Plaintiff, Dorothy Poruba, filed a complaint against defendant, Frank A. Poruba, Jr., to partition certain real estate. Plaintiff is the sole life tenant and defendant the sole remainderman. The circuit court of La Salle County granted defendant's motion to dismiss plaintiff's complaint pursuant to section 2--615 of the Illinois Code of Civil Procedure (the Code). (735 ILCS 5/2--615 (West 2008)). We affirm.

BACKGROUND

Plaintiff, Dorothy Poruba, transferred real estate commonly known as 1105 North Otter Creek Street, Streator, Illinois, to Frank Poruba, reserving a life estate. Plaintiff is the sole

owner of a life estate in the property, and defendant is the sole owner of the vested remainder.

Plaintiff filed a complaint seeking to partition the real estate. Defendant filed a motion to dismiss the complaint, indicating that a life tenant could not maintain a partition action against a remainderman. The trial court dismissed the complaint, holding that a single life tenant with exclusive possession to the entire piece should not be able to force a partition action against a single remainderman. Plaintiff filed a timely appeal.

ANALYSIS

Plaintiff contends that the trial court erred by granting defendant's motion to dismiss the complaint because a life tenant has a right to compel a partition against a remainderman. A judge's ruling pursuant to section 2--615 of the Code (735 ILCS 5/2--615 (West 2008)) is reviewed *de novo*. *King v. First Capital Financial Services Corp.*, 343 Ill. App. 3d 404, 798 N.E.2d 118 (2003).

Plaintiff seeks to force a sale of the real estate pursuant to the Code (735 ILCS 5/17--101 (West 2008)). The Code provides:

> "When lands, tenements, or hereditaments
> are held in joint tenancy or tenancy in common
> or other form of co-ownership and regardless of
> whether any or all of the claimants are minors

2

or adults, any one or more of the persons

interested therein may compel a partition

thereof by a verified complaint in the circuit

court of the county where the premises or part

of the premises are situated." (Emphasis added.)

735 ILCS 5/17--101 (West 2008).

According to plaintiff, this statute does not require that the land be held in joint tenancy or tenancy in common, or that the landowners have a concurrent right to possession of the property in order to be subject to a partition suit. Specifically, plaintiff contends that under the Act, land can be held in any "other form of co-ownership" such as a single life tenancy and a remainder interest.

Plaintiff cites *Westerdale v. Grossman*, 312 Ill. App. 3d 884, 728 N.E.2d 67 (2000), and *Wells v. Dalies*, 318 Ill. 301, 149 N.E. 279 (1925), in support of her argument. However, the facts of both *Westerdale* and *Wells* are inapposite to the case at bar. Neither case authorizes a single life tenant to force a partition upon a single remainderman. Rather, both cases deal with partition actions between multiple life tenants or between multiple remainderman.

In the case at bar, we have a single life tenant and a single remainderman. A life estate is defined as "[a]n estate whose duration is limited to the life of the party holding it, or

3

some other person. *** Upon the death of the life tenant, the property will go to the holder of the remainder interest or to the grantor by reversion."  Black"s Law Dictionary 924 (6th ed. 1992).  A remainderman is "[o]ne who is entitled to the remainder of the estate after a particular estate carved out of it has expired."  Black's Law Dictionary 1293 (6th ed. 1992).  Therefore, we conclude that a single life tenant and a single remainderman do not have a concurrent right to possession of the real estate and are consequently not "co-owners" of the property under the Act.

Put another way, a single life estate and a single remainder interest are two separate estates in land.  There is nothing to partition.  Plaintiff is the sole owner of the life estate.  Defendant is the sole owner of the remainder.  The deed that granted plaintiff the life estate and defendant the remainder has already partitioned their respective interests.

CONCLUSION

For the foregoing reasons, we affirm the circuit court of La Salle County.

Affirmed.

O'BRIEN, P.J., and HOLDRIDGE, J., concur.

4