**Robert J. ZAPPA, Plaintiff-Appellant,**

**v.**

**Alan J. SEIVER, Defendant-Appellee.**

**No. 84CA0029.**

Colorado Court of Appeals,
Div. II.

Aug. 15, 1985.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Lezlie Ott Marek, Denver, for plaintiff-appellant.

Atler, Zall & Haligman P.C., A. Craig Fleishman, Carolyn Gruber, Denver, for defendant-appellee.

BERMAN, Judge.

Plaintiff, Robert J. Zappa, appeals from an order granting defendant, Alan J. Seiver, summary judgment on plaintiff's claim for tortious interference with contract. We reverse.

Plaintiff was employed by S & A Distributors, Inc. (S & A), a Colorado corporation engaged primarily in the wholesale distribution of appliances. Plaintiff was initially hired as a salesman, but subsequently became a stockholder of S & A and its vice president and general manager. Defendant was the controlling stockholder and president of S & A.

Under the terms of the plaintiff's employment agreement with S & A, the contract could be terminated by either of the parties without cause upon thirty days written notice. This provision remained intact in an amendment to the employment agreement.

In 1977, plaintiff and defendant formed a partnership which had as its primary purpose the purchase of a warehouse building to be leased to S & A. In 1981, a dispute arose between plaintiff and defendant as to their respective interests in the partnership and the partnership property. They were unable to resolve their differences, and in November 1981, plaintiff filed suit against defendant seeking a declaratory judgment and dissolution of the partnership.

On January 14, 1982, defendant, as president of S & A, notified plaintiff in writing that the employment agreement, as amended, was being terminated. Plaintiff was given the option, however, to continue working for S & A as a salesman with a corresponding reduction in pay. Plaintiff was further ordered to take his vacation from January 15, 1982, through January 28, 1982, or lose his vacation rights for that year. Plaintiff did not accept the position as salesman. Plaintiff was terminated when he failed to report to work following his vacation.

Thereafter, plaintiff filed the instant action, claiming that defendant had tortiously interfered with plaintiff's employment contract with S & A. Defendant filed a motion to dismiss. The trial court elected to treat defendant's motion to dismiss as a motion for summary judgment and granted both parties time in which to submit affidavits in support of their respective positions.

Defendant presented the affidavits of the present board of directors of S & A, the past board of S & A which was in charge during the last year of plaintiff's employment, and his own affidavit. Plaintiff submitted his own affidavit, as well as affidavits from two former employees of S & A, and a client of S & A. The trial court, after brief oral argument, granted defendant's motion.

Plaintiff points out that although the trial court elected to treat defendant's motion as a motion for summary judgment, it dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted. Once the trial court requested and received affidavits which were outside the pleadings, defendant's motion became one for summary judgment governed by C.R.C.P. 56. *See* C.R.C.P. 12(c). Accordingly, the trial court should have granted defendant's motion only if there was no

genuine issue as to any material fact, and the defendant was entitled to judgment as a matter of law.   C.R.C.P. 56.

Plaintiff argues that summary judgment was improper because there was a factual dispute as to whether defendant acted in good faith and in service of the corporate interest when he terminated plaintiff's employment agreement.   Under the circumstances presented, we agree.

■ Colorado recognizes an action against one who intentionally and improperly interferes with or induces a third person to breach a contract not terminable at will. *Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc.*, 690 P.2d 207 (Colo.1984); *Credit Investment & Loan Co. v. Guaranty Bank & Trust Co.*, 143 Colo. 393, 353 P.2d 1098 (1960). Even a contract terminable at will is entitled to some protection from tortious unwarranted interference. *Memorial Gardens, supra* (fn. 8); *Watson v. Settlemeyer*, 150 Colo. 326, 372 P.2d 453 (1962); *Zelinger v. Uvalde Rock Asphalt Co.*, 316 F.2d 47 (10th Cir.1963). Until terminated, an at will contract is valid and subsisting, and a stranger to the contract has no right to interfere improperly with it. Restatement (Second) of Torts § 766, comment g (1979).

■ Defendant claims that he cannot be held personally liable for tortious interference with the employment contract between plaintiff and S & A because he was an agent of the corporation, and therefore, he was not a third person with respect to the employment contract. *Trimble v. City & County of Denver*, 697 P.2d 716 (Colo. 1985), however, makes it clear that defendant was a third person with respect to the contract between plaintiff and S & A.

■ An officer or director of a corporation generally will not be held personally liable for inducing the corporation's breach of its contract if the officer or director is acting within the scope of his official duties. *Martin v. Platte*, 386 N.E.2d 1026, 179 Ind.App. 688 (1979); *see Zelinger v. Uvalde Rock Asphalt Co., supra*. How-

ever, if the officer or director is motivated solely by a desire to induce the corporation to breach its contract with the plaintiff or to interfere in the contractual relations between the corporation and the plaintiff, the interference is improper. *See Trimble v. City & County of Denver, supra.*

■ We conclude that this principle applies to the "at will contract" here. The defendant had no right to induce a termination of the employment or to interfere intentionally with plaintiff's contract with S & A if defendant's sole motive was to harass or retaliate against plaintiff for bringing suit to dissolve the partnership existing between plaintiff and defendant. *See Watson v. Settlemeyer, supra; Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E.2d 282 (1976).

■ Here, plaintiff, in an affidavit submitted to the trial court, stated that no good cause existed for his termination, that defendant terminated him in furtherance of defendant's personal interests in retaliation against plaintiff for bringing the partnership suit, and that the termination was not in the best interests of the corporation or its employees.   Defendant, on the other hand, presented affidavits of the current and past board of directors, affirming that the termination of plaintiff's employment contract was within the scope and course of defendant's employment and that defendant's acts had been ratified by the boards.

On the basis of the pleadings and affidavits submitted, we conclude that a genuine issue of material fact does exist.   Regardless of whether defendant acted within the scope and course of his employment with S & A, a trial is necessary to resolve the issue of whether defendant's action in terminating plaintiff's employment contract was motivated by improper personal reasons or by a desire to serve the corporate interests.   Accordingly, summary judgment was improper.

The judgment is reversed and the cause is remanded for trial on the merits.

VAN CISE and KELLY, JJ., concur.