**Paul MOYERS, Plaintiff–Appellant,**

**v.**

**Roger MOYERS, Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Sept. 21, 1993.

Application for Permission to Appeal
Denied by Supreme Court
Feb. 7, 1994.

Johnny V. Dunaway, LaFollette, for plaintiff-appellant.

Dennis Michael Robertson, Tazewell, for defendant-appellee.

*OPINION*

GODDARD, Judge.

Paul Moyers sues his brother, Roger Moyers, seeking a partition in kind of 76 acres[1] located in Claiborne County, which they inherited from their mother and own as tenants in common. Upon the Trial Judge finding the property should be sold for partition, Paul appeals contending the evidence preponderates against such a determination.

Paul's proof disclosed that the property could be equitably divided into one tract containing 49 acres, which was principally pasture land and improved with a barn, a pond and a spring which served as the water supply for the entire acreage, as well as third parties,[2] and another tract containing 27 acres, principally hay fields, which was improved with a house. According to his proof each tract would have a value of approximately $50,000.

Roger, although conceding that such a division would be equitable—testified that it would be in the best interest of the parties if the property were sold.

The Trial Judge, in making his determination, stated the following:

> The Court is of the opinion that there are too many problems with trying to divide the farm and that the only fair way to do it is to sell the farm as a whole and divide the proceeds. The Plaintiff's appraiser acknowledges that by dividing the property in two tracts, you take away from the overall value of the farm.

---

1. The deed to the parties' parents incorrectly states the acreage as 100.

2. Roger's expert testified the fact the water supply was located on one tract and also served the other posed no problem.

With all deference to the Trial Judge, we do not find that the appraiser for Paul so testified. His testimony in this regard is as follows:

Q So you think you can take an old pasture farm land and divide it in half, equal halves, and that it doesn't do damage to either half as to how much value that land would have as compared to the whole?

A I think that you could properly calculate that and come down with equitable portions.

Q That's not my question. My question is would it effect the value of the whole piece of land? I know you can do it equitably.

. . . .

A State the question. You go through all that, now state the question again.

Q All right. You've got two pieces of land, and assuming that you could equitably divide, you say that you can and I don't really dispute that because you've got so much land and you can do it, the value of that piece of land on the smaller tract and the value of the larger tract, you have detracted from its use, have you not, by dividing it?

A From its use but not from its total monetary—

Q So you're saying that two smaller farms would be this—one farm with no pasture, with little pasture land and hay land, and another farm with no hay land and pure pasture land, that is doesn't detract from the value and the fact that you could put them both together—

A Of the use.

Q Yes, and the value. Use is value; isn't it?

A Not if it's properly divided in right tracts.

Q What makes that a proper division as effecting the use and the value of each tract? How have you taken that into consideration?

A The need of the individual.

Q So what you have done, you've looked at his needs and who else's needs?

A No.

Q Whose needs have you looked at?

A At a buyer's needs totally away from any of these people in this courtroom.

Q And you're—

A I'm talking buyers that would have a need for these tract of lands and what would their values be if divided in this proportion, and I see two values with uses solely within theirself. I agree that if one person owned the whole thing and were going to farm it as a whole, yes, I would want the hay field and yes, I would want the spring so you'd have both—I'd want the house and I'd want the farm. But still it can be equitably divided so that you still have use for both pieces of property that would total—that the sum of these would total the total value of the property.

Q We haven't questioned that there's an ability to equitably divide it. What I'm asking you, though, and where I'm having trouble finding out the answer is, how the fact that you have no pasture land or little pasture land on one and no hay field on the other, how—that doesn't detract from the total value when it's divided as compared to a whole?

A Well, I've tried to explain that to you as best as I know how.

Q Well, maybe you have, and we'll let the Court decide that.

Additionally, the expert witness called by Roger conceded that the property could be equitably divided, although he would disagree to a degree with the evaluations placed upon the two tracts by Paul's expert. He never stated, however, that the property would be more valuable if sold rather than divided.

At common law, partition in kind was a matter of absolute right. *Wilson v. Bogle,* 95 Tenn. 290, 32 S.W. 386 (1895). However, over a century and a half ago, the Legislature enacted the forerunner of what is now T.C.A. 29–27–201, which provides the following:

*29–27–201. Sale for division authorized.*—Any person entitled to a partition of premises, under the provisions of §§ 29–27–101—29–27–123, is equally entitled to

have such premises sold for division, in the following cases:

(1) If the premises are so situated that partition thereof cannot be made.

(2) Where the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned.

Counsel for Roger concedes that Subsection (1) would not authorize sale, but insists strenuously that Subsection (2) does.

With all deference to counsel and the Trial Judge, we find that the record preponderates against the finding that a sale "would be manifestly to the advantage of the parties." We reach this conclusion because, as above noted, only Roger so testified and upon giving the ordinary meaning to the word manifestly—clearly apparent to the sight or understanding; obvious—we cannot find the proof meets the statutory criteria.

The judgment of the Trial Judge is accordingly reversed and he is directed to enter a judgment for a partition in kind in accordance with Exhibit Six. In the event the parties cannot agree as to the proper division line, the Trial Judge shall determine such and, if necessary, employ the services of a surveyor.

In accordance with the concession of Paul, Roger shall have first choice as to the parcel to be his.

The cause is accordingly remanded for further proceedings not inconsistent with this opinion and collection of costs below which are, as are costs of appeal, adjudged against Roger.

SANDERS, P.J. (E.S.), and FRANKS, J., concur.