**COLORADO KOREAN ASSOCIATION,**
**Plaintiff–Appellee,**

v.

**KOREAN SENIOR ASSOCIATION**
**OF COLORADO, Defendant–**
**Appellant.**

**No. 05CA0145.**

Colorado Court of Appeals,
Div. II.

Nov. 16, 2006.

David R. Moffitt, Aurora, Colorado, for Plaintiff–Appellee.

John S. Pfeiffer, Castle Rock, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Korean Senior Association of Colorado, appeals the trial court's judgment granting the petition of plaintiff, Colorado Korean Association, for partition and sale of their jointly owned property and denying its motion to dismiss for failure to join indispensable parties. We affirm and remand with directions.

Both parties are community organizations serving the needs of the Korean community. Plaintiff is tax exempt; defendant is not. In 1997, they agreed to use matching government grants to purchase a building for their joint use. They entered into an agreement whereby plaintiff would provide sixty-two percent of the purchase price and defendant would provide the balance; the interests of the parties in the property would mirror their respective contributions; and they would hold title as tenants in common. The parties further agreed that they would share equally any income and expenses associated with the property. A portion of the property was rented to a neighbor on a month-to-month basis for use as a parking lot.

Over the course of several years the relationship between the parties became so strained that jointly occupying the building became virtually impossible. Plaintiff then filed a petition for partition in November 2002.

Defendant responded, asserting, among other things, that plaintiff was precluded from bringing a partition action because it did not have clean hands. Specifically, defendant asserted that (1) plaintiff had not paid its fifty percent share of expenses; (2) plaintiff had not credited defendant with its fifty percent share of proceeds from the rental of the parking lot; (3) plaintiff had rendered the building unusable by demolishing portions of the interior on two separate occasions when defendant had scheduled events; and, (4) plaintiff had thrice changed the locks without providing defendant a key.

Following a bench trial, the court granted the petition for partition; determined that the property could not be partitioned in kind; ordered it sold; and, directed that the proceeds, after the payment of obligations, be

divided in accordance with the parties' ownership interests. The trial court further ordered that, because defendant had failed to pay property taxes attributable to its ownership, it was solely responsible for a recorded tax lien. The trial court also granted defendant's counterclaim seeking reimbursement for plaintiff's share of the expenses and for its share of the rental income, with interest.

Subsequently, defendant filed a motion to dismiss for failure to join an indispensable party, namely, Adams County (the County), which had recorded the tax lien on the property. The trial court denied the motion and entered a final order. Defendant then filed a motion to amend the judgment, which the trial court also denied. This appeal followed.

## I.

■ We first address plaintiff's contention that defendant's appeal should be dismissed because of its failure to post a supersedeas bond. We disagree.

After the trial court entered its final order, defendant filed a notice of lis pendens and a motion to have its interest in the property constitute a supersedeas bond. The trial court denied defendant's motion and ordered that defendant post a supersedeas bond of $200,000. Defendant then filed a second motion to stay the judgment and to approve the use of its interest in the property as a supersedeas bond. The trial court also denied the second motion.

■ The posting of a supersedeas bond is required to stay the execution of a trial court's judgment. It is not a prerequisite for filing and pursuing an appeal. See C.R.C.P. 62; C.A.R. 8; *Muck v. Arapahoe County Dist. Court*, 814 P.2d 869 (Colo.1991); *Monks v. Hemphill*, 119 Colo. 378, 203 P.2d 503 (1949); *Hart v. Schwab*, 990 P.2d 1131 (Colo. App.1999). The failure to file a supersedeas bond merely means that the prevailing party may enforce the judgment, including collection, while the appeal is pending.

Therefore, defendant's failure to post the supersedeas bond does not require dismissal of the appeal.

## II.

■ Defendant contends that the trial court erred in denying its motion to dismiss for failure to join an indispensable party pursuant to § 38–28–102, C.R.S.2006. Defendant urges us to conclude that the County was an indispensable party by virtue of its tax lien. We disagree.

■ Section 38–28–102 provides that in a partition action "[a]ll persons having any interest, direct, beneficial, contingent, or otherwise, in such property shall be made parties." As our supreme court stated in *Fry & Co. v. Dist. Court*, 653 P.2d 1135, 1139 (Colo. 1982): "The obvious intent of the joinder requirement in the partition statute is that all persons having interests in the real property be represented in the partition action so that they may protect their interests and be bound by the results." We review a trial court's decision denying a motion to dismiss for failure to join a necessary or indispensable party for an abuse of discretion. *See* C.R.C.P. 19 (addressing indispensable parties); *Lyon v. Amoco Prod. Co.*, 923 P.2d 350 (Colo.App.1996) (applying C.R.C.P. 19(b) ).

Here, there was an outstanding property tax assessment against the property arising from defendant's interest in the amount of $2,271 for tax year 2002. Plaintiff was tax exempt. On November 5, 2003, a third party purchased the tax lien at a tax sale. Upon learning of the purchase, plaintiff filed, and the court granted, a motion to join the purchaser as an indispensable party. Thereafter, the purchaser of the tax lien surrendered its certificate of purchase back to the County.

Neither party requested that the County be joined as a necessary or indispensable party prior to trial. However, following the court's bench ruling, but before the written findings of fact and conclusions of law were entered, defendant moved to dismiss for failure to join the County pursuant to § 38–28–102. Defendant argued that the County's tax lien was excessive because it was premised on defendant's owning a one-half interest in the property when, in fact, defendant owned only a thirty-two percent interest.

However, prior to ruling on the motion, the trial court ordered that the tax lien be paid

out of the proceeds of the sale and charged to defendant's interest. The trial court's written final order imposed the same requirement. Therefore, the interest of the County was considered, was fully protected, and a provision was made for its payment in accordance with its priority.

As to the alleged erroneous assessment of defendant as an owner of one-half instead of thirty-two percent of the property, it is the county assessor who values and assesses the taxable ownership and issues a notice of valuation on or before May 1 of each calendar year, which must be challenged by the owner in writing on or before June 1, or "the taxpayer's right to object and protest the adjustment in valuation is lost." Section 39–5–121(1)(a), C.R.S.2006.

Apparently, defendant did not timely challenge the notice of valuation for the subject year and lost its right to seek adjustment of the valuation. Therefore, the issue is not properly raised in this proceeding. Accordingly, we conclude that the trial court did not err in ruling that the County was not an indispensable party.

For the first time in its reply brief, defendant urges that the trial court erred in holding that the tenant was not an indispensable party. However, we do not address issues raised for the first time in a reply brief. *Province v. Johnson*, 894 P.2d 66 (Colo.App.1995).

## III.

Defendant next contends that the trial court erred in permitting plaintiff to proceed with a partition action when it did not have clean hands. We disagree.

A partition action is an equitable proceeding that is governed by statute. Section 38–28–101, et seq., C.R.S.2006. The doctrine of unclean hands is an equitable defense to proceedings in equity and is premised on the theory that one who requests equity must do so with clean hands. *Wilson v. Prentiss*, 140 P.3d 288 (Colo.App.2006). Thus, a court will not consider a request for equitable relief under circumstances where the acts of the party requesting equitable relief offend the sense of equity to which the party appeals. Nevertheless, in order for the doctrine to apply, the allegedly improper conduct must have an immediate and necessary relation to the claim under which relief is sought. *Ajay Sports, Inc. v. Casazza*, 1 P.3d 267 (Colo.App.2000).

Neither party has cited to us, nor has our research revealed, any authority holding that the doctrine of unclean hands may be applied to preclude partition. In fact, the closest Colorado case appears to reach a contrary conclusion. *See Martinez v. Martinez*, 638 P.2d 834 (Colo.App.1981) (the plaintiff was denied the equitable relief of an accounting because of unclean hands but was granted a partition).

Section 38–28–101, C.R.S.2006, provides that "[a]ctions for the division and partition of real or personal property or interest therein may be maintained by any person having an interest in such property." Thus, the right of partition is absolute and unqualified, and our statute is in conformity with the overwhelming case authority from other states. *See Eisenberg v. Tuchman*, 94 Conn. App. 364, 892 A.2d 1016 (2006) (the right to partition has long been regarded as absolute); *Rose v. Hansell*, 929 So.2d 22 (Fla. Dist.Ct.App.2006) (partition is a matter of right with rare exceptions); *Westerdale v. Grossman*, 312 Ill.App.3d 884, 245 Ill.Dec. 336, 728 N.E.2d 67 (2000) (tenant in common has absolute right to partition); *Gore v. Beren*, 254 Kan. 418, 867 P.2d 330 (1994) (the right to partition between cotenants is considered incident of common ownership); *McCurdy v. Bloom's Inc.*, 907 So.2d 896 (La. Ct.App.2005) (the ability to partition is an absolute right); *First Trust Co. v. Holt*, 361 N.W.2d 476 (Minn.Ct.App.1985) (same); *Asante v. Abban*, 237 N.J.Super. 495, 568 A.2d 146 (Law Div.1989) (same); *Bentley v. Dox*, 12 A.D.3d 1187, 785 N.Y.S.2d 253 (2004) (the right of partition is absolute in absence of countervailing conditions); *McMillan v. Follansbee*, 194 Or.App. 145, 93 P.3d 809 (2004) (right of partition is absolute); *Bernstein v. Sherman*, 902 A.2d 1276 (Pa.Super.2006) (same); *Moyers v. Moyers*, 871 S.W.2d 161 (Tenn.Ct.App.1993) (same); *see also* 7 Richard R. Powell, *Powell on Real Property*

§ 50.07(3)(a) (Michael A. Wolf ed., 2000) (right to partition is unconditional); 4 D. Thomas, *Thompson on Real Property* § 38.03(a)(1) (1994) (a tenant in common or joint tenant has the right to seek judicial partition in land).

■ Three exceptions to the right to partition real property are recognized (1) when the right to partition has been waived by contract or otherwise restricted, *see, e.g., Twin Lakes Reservoir & Canal Co. v. Bond,* 157 Colo. 10, 401 P.2d 586 (1965) (implied contract); *Brewer v. Schalansky,* 278 Kan. 734, 102 P.3d 1145 (2004) (express contract); *Owen v. Zorn Farms, Inc.,* 186 Or.App. 199, 62 P.3d 854 (2003) (will or deed); 4 Thomas, *supra,* § 38.03(a)(2)(i); (2) when the interests are not contemporaneous, *see e.g., Beach v. Beach,* 74 P.3d 1 (Colo.2003) (life estate and remainder); and, (3) when the subject property is a homestead in which family, particularly children, reside, *see e.g., Stressler v. Stressler,* 193 A.D.2d 728, 597 N.Y.S.2d 712 (1993). None of these exceptions applies here.

Therefore, we conclude that the doctrine of unclean hands provides no defense here because the right to partition is absolute.

## IV.

■ Defendant contends that the trial court erred in relying on a transcript of testimony from an earlier hearing that was not certified and which was not a part of the record. We disagree.

The trial proceeded in two parts before different judges. During the first part, five witnesses testified. The witnesses were (1) an architect who had been retained by one of the parties to prepare a plan dividing the building in accordance with the interests of the parties; (2) a representative of the county treasurer's office who testified as to the tax history of the property and the tax lien; (3) a representative of the county tax assessor who testified concerning plaintiff's tax exempt status; (4) a representative of the City of Aurora who testified concerning her efforts to mediate the dispute; and, (5) the plaintiff's president. The first four witnesses were thoroughly examined and cross-examined but during the testimony of the fifth witness, it became clear that it was necessary to join additional parties, and the trial court ordered a continuance for that purpose.

When the trial resumed over a year later, it was before a second judge. All the witnesses, including those who had previously testified, were present and available to testify.

Plaintiff requested that the trial court review the transcript of the first hearing. While defendant did not formally object, it pointed out that the court could not evaluate the credibility of the witnesses based on their demeanor from a transcript. The court reviewed the transcript and concluded that it was not necessary to recall the first four witnesses because (1) as to the architect, the division of the building was not, according to the parties, an option, and therefore the testimony was irrelevant; (2) as to the representative of the county treasurer and county assessor, the testimony did not deal with an issue in dispute; and, (3) as to the representative of the City of Aurora, the testimony dealt with the disputes between the parties as well as her attempt to mediate them and was not relevant. It further concluded that, as to these four witnesses, credibility did not appear to be an issue. However, the trial court required that the testimony of the fifth witness, plaintiff's president, be given in full in the second proceedings.

We have reviewed the entire transcript of the first hearing, and we concur with the trial court as to both the relevance of the evidence and the extent to which the credibility of the witnesses was placed at issue. In the trial management order, the court stated that plaintiff was seeking sale of the property, not a division in kind. In its pretrial statement, defendant did not seek a partition in kind. The trial court concluded, as have we, that the cause and depth of the acrimony between the parties was not pertinent to the issues.

## V.

Finally, plaintiff claims that defendant has prevented the sale of the property by filing a

notice of lis pendens. We remand for further proceedings on this issue.

It appears from the record that the trial court issued its written findings, conclusions, and orders on November 10, 2004, and defendant filed a notice of lis pendens on the property on December 6, 2004. It also appears that plaintiff twice requested that the trial court issue a certificate pursuant to § 38–35–110(3)(a), C.R.S.2006, showing that the notice of lis pendens was no longer in effect. The trial court twice declined to issue the certificate because a notice of appeal had been filed.

Upon remand, the trial court may, if appropriate, release the lis pendens, *see* § 38–35–110(2)(c)(II), C.R.S.2006, and, if improvidently recorded, may award plaintiff any appropriate damages incurred.

The judgment is affirmed, and the case is remanded for further proceedings as to the lis pendens, if required.

Judge ROTHENBERG and Judge HAWTHORNE concur.