25CA0596 Emery v Khumo Developments 03-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0596
Arapahoe County District Court No. 25CV70
Honorable Benjamin Figa, Judge

Khumo Developments LLC.,

Plaintiff-Appellee,

v.

Kendal R. Emery,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE KUHN
Fox and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

Robinson & Henry, P.C., Todd A. Weaver, Sidney T. Billings, Colorado Springs, Colorado, for Plaintiff-Appellee

Kendal R. Emery, Pro Se

¶ 1    In this forcible entry and detainer (FED) action, defendant, Kendal R. Emery, appeals the district court's judgment in favor of plaintiff, Khumo Developments LLC.  We affirm.

## I.    Background

¶ 2    Emery defaulted on his residential property loan.  As a result, Khumo purchased the deed to the property at a public trustee's foreclosure sale.  Emery continued to occupy the property and refused to vacate it.

¶ 3    Khumo eventually brought this FED action in county court, claiming that Emery had committed an unlawful detention by failing to surrender possession of the property.  *See* §§ 13-40-101 to -128, C.R.S. 2025.  Emery contested the action pro se.

¶ 4    The case was transferred to district court, which scheduled an FED hearing.  Before the hearing, Emery filed a third-party complaint against the Colorado Housing and Finance Authority (CHFA), claiming that the CHFA failed to provide the financial assistance that Emery needed to cure his default.[1]  The third-party

---

[1] In the county court, Emery filed an initial answer that did not mention the CHFA.  After the transfer to district court, he separately filed his third-party complaint against the CHFA.

complaint included a request to join the CHFA to the action involving Khumo, although Emery never served the complaint.

¶ 5 At the FED hearing, the district court found that Emery had committed an unlawful detention, and the court entered judgment of possession in favor of Khumo. Following the judgment, the court granted Emery permission to join the CHFA to the action. The court then issued a writ of restitution.

¶ 6 Emery then appealed, and the district court stayed execution on the writ of restitution. But Emery didn't post a $20,000 cash or surety supersedeas bond required to maintain the stay during the pendency of his appeal. Emery has since been removed from the property.

## II. Analysis

¶ 7 On appeal, Emery claims that the district court erred by not (1) ruling on his requests to join the CHFA; (2) addressing his third-party complaint before ruling on possession; and (3) granting his motion to waive the supersedeas bond. We address each issue in turn.

## A. The District Court Granted the Motion to Join

¶ 8 As an initial matter, we decline to consider Emery's contention that the district court failed to rule on his request to join the CHFA. This is because the record clearly indicates that at the FED hearing the district court ordered that Emery could "go ahead and join [the CHFA] to the action."[2]

¶ 9 Consequently, Emery has no grounds on which to appeal the district court's order because the court granted him the joinder that he requested, *see Schnelle v. Cantafio*, 2024 COA 17, ¶ 29 (noting a party has no basis to appeal without an adverse ruling), *aff'd*, 2025 CO 39, and Emery didn't raise any objections to the court's ruling, *see Deason v. Lewis*, 706 P.2d 1283, 1286 (Colo. App. 1985) (Where "a party consents to entry of an order or judgment, and such consent is regularly obtained, that party has no right to appeal from the order or judgment.").

---

[2] On appeal Emery repeatedly cites *Romero v. City of Fountain*, 307 P.3d 120, 125 (Colo. App. 2011), claiming that a division of this court "held unequivocally: 'A court must rule on all motions that are properly before it. It cannot simply ignore a motion.'" We don't take issue with this general notion. *See Hudak v. Med. Lien Mgmt., Inc.*, 2013 COA 83, ¶ 16. But we note that *Romero* contains no such quoted language — nor does any other case we are aware of.

¶ 10 Because Emery is pro se, we interpret his pleadings and motions liberally. *See Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 8. However, we won't rewrite his pleadings or act as an advocate on his behalf. *See Johnson v. McGrath*, 2024 COA 5, ¶ 10. To the extent Emery argues that the court should have stayed the proceedings to grant joinder *and* address the third-party complaint on the merits, we address that contention next.

## B. Third-Party Complaint

¶ 11 Emery contends that the district court erred by entering judgment on possession without first addressing his third-party complaint against the CHFA. He argues that his third-party complaint contests whether the CHFA tainted the foreclosure by failing to provide Emery with financial assistance to cure his default. Thus, he argues, the court needed to address the third-party complaint first because the complaint could undermine the foreclosure sale, which in turn would negate Khumo's standing to bring the FED action. We disagree.

### 1. Additional Facts

¶ 12 After purchasing the property at the foreclosure sale, Khumo permitted Emery to temporarily occupy the property under an

occupancy termination agreement the parties entered into. The agreement included a provision stating that "in signing this [a]greement, [Emery] waives any claim to possession of the [p]remises after the [s]urrender [d]ate."[3]

¶ 13    At the FED hearing, Khumo proved that it had purchased the property and received a confirmation deed from the public trustee, provided Emery with a proper demand for possession, and entered into the occupancy termination agreement with Emery. Emery also conceded that Khumo had purchased the property.

¶ 14    The court found that Emery had unlawfully occupied the property and granted judgment of possession in favor of Khumo. The court then recognized Emery's third-party complaint and permitted Emery to join the CHFA to address damages. However,

---

[3] The surrender date was January 23, 2025, at 11:59 p.m. Khumo filed its complaint on February 20, 2025, and the FED hearing took place on March 26, 2025.

the court clarified that the judgment of possession was final and immediately appealable.[4]

### 2. The District Court Properly Ruled on the FED Claim

¶ 15    For FED actions, we review factual findings for clear error and the district court's legal conclusions de novo. *Fear v. GEICO Cas. Co.*, 2024 CO 77, ¶ 15. We will not set aside the district court's factual findings as clearly erroneous unless they have no support in the record. *People in Interest of A.M. v. T.M.*, 2021 CO 14, ¶ 15.

¶ 16    It is true that typically when an FED action involves multiple claims, the district court must determine any ownership issues in

---

[4] A district court ordinarily must certify an FED possession claim under C.R.C.P. 54(b) in order for that claim to become final and appealable while other claims remain pending. *See Sun Valley Dev. Co. v. Paradise Valley Country Club*, 663 P.2d 628, 628-29 (Colo. App. 1983); *see also Corporon v. Safeway Stores, Inc.*, 708 P.2d 1385, 1388 (Colo. App. 1985) ("[A] forcible entry and detainer action has been held to be a separate claim from the claim of damages and possession and, therefore, *appealable under proper certification.*" (emphasis added)). However, because Emery has not served the CHFA, we don't consider the CHFA for determining the finality of the claim, even though the district court here did not provide a Rule 54(b) certification. *See Rea v. Corr. Corp. of Am.*, 2012 COA 11, ¶ 13 ("[N]amed but unserved defendants are not litigants for purposes of determining the appealability of an order under the final judgment rule."); *Menu v. Minor*, 745 P.2d 680, 681 (Colo. App. 1987) ("[T]he question of claims pending against [unserved] defendants cannot properly be considered by us in [an] appeal.").

order to rule on possession if ownership affects the right to possession. *See Beeghly v. Mack*, 20 P.3d 610, 615 (Colo. 2001) (holding that when the issue of ownership is raised in an FED action and affects the right to possession, the court must determine ownership rights in conjunction with the issue of possession); *Schuler v. Oldervik*, 143 P.3d 1197, 1200 (Colo. App. 2006) (holding that the district court may properly determine title to property within an FED proceeding).

¶ 17     But here, Emery agreed in the occupancy termination agreement that Khumo purchased the property legally, and he waived any claim to possession. Further, the record unequivocally supports the district court's findings that Khumo had perfected title to the property and demanded possession. *See* § 13-40-104(1)(f), C.R.S. 2025. Therefore, the court did not need to rule on the third-party complaint before addressing possession because — whatever the third-party complaint alleged — the record supports that at the time of the FED hearing Khumo had established the right to possession, and Emery had waived the right to contest possession regardless.

¶ 18    Even were we to overlook the occupancy termination agreement, Emery's third-party complaint implicitly admits that Emery did in fact default on the loan because it claims that the CHFA's representative didn't provide financial assistance to help cure the default after it had occurred.  Thus, the third-party complaint doesn't call into question the facts that Emery defaulted or that Khumo legally purchased the property at the foreclosure sale.

¶ 19    Therefore, as the third-party complaint against the CHFA had no bearing on Khumo's right to possession and the court had no personal jurisdiction over CHFA due to lack of service, *see* § 13-40-115(2), C.R.S. 2025; *Sebastian Holdings, Inc. v. Johansson*, 2025 COA 60, ¶ 17, the court did not err by not immediately addressing the third-party complaint or staying the proceedings.[5]

---

[5] While Emery never effected service — despite the district court's explicit instructions to do so — we see no indication that the district court has provided notice of failure to prosecute or dismissed the claim in the third-party complaint.  *See* C.R.C.P. 4(m); C.R.C.P. 121, § 1-10(2); *Curry v. Zag Built LLC*, 2018 COA 66, ¶ 37.

### C. Supersedeas Bond

¶ 20　Emery contends that the district court erred by denying his motion to waive the $20,000 supersedeas bond, which the court required as a condition for Emery to maintain the stay of the writ of restitution pending this appeal.  Emery asserts that the court failed to rule on the motion or, alternatively, that the court should have granted the waiver because supersedeas bonds are not required when judgments have no monetary damages or the enforcement of the judgment would cause irreparable harm.[6]  We are not convinced.

#### 1.　Standard of Review and Applicable Law

¶ 21　C.R.C.P. 62(d) states, "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay from the [district] court . . . ."  The purpose of the supersedeas bond is to "serve an important role in protecting an appellee's judgment on appeal." *Holt Grp., L.L.C. v. Kellum,* 260 P.3d 50, 53 (Colo. App. 2010).

---

[6] Although we can't determine the precise status from the record, Khumo asserts that the writ of restitution has already been effected. We nonetheless consider Emery's contention because it is an issue that is capable of repetition yet evading review.  *See Taxpayers Against Congestion v. Reg'l Transp. Dist.,* 140 P.3d 343, 346 (Colo. App. 2006).

¶ 22　　A district court has discretion over issuing a supersedeas bond and setting the bond amount. *See Hart v. Schwab*, 990 P.2d 1131, 1133 (Colo. App. 1999) ("Determination of the amount and form of a supersedeas bond rests in the [district] court's broad discretion."); *see also Beeghly*, 20 P.3d at 613-14 (noting district court has discretion to set delay bonds in FED proceedings). A district court "abuses its discretion when it misapplies the law or when its ruling is manifestly arbitrary, unreasonable, or unfair." *Terra Mgmt. Grp., LLC v. Keaten*, 2025 CO 40, ¶ 28.

¶ 23　　Although it affords district courts broad discretion, Rule 62(d) strongly implies that a court should require a full supersedeas bond before staying an execution of a judgment. *See Muck v. Arapahoe Cnty. Dist. Ct.*, 814 P.2d 869, 872-73 (Colo. 1991); *Hart*, 990 P.2d at 1133-34 ("[A] full supersedeas bond should be the requirement in normal circumstances . . . ." (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980))). And a supersedeas bond is not a requirement for filing an appeal. *Colo. Korean Ass'n v. Korean Senior Ass'n of Colo.*, 151 P.3d 626, 628 (Colo. App. 2006).

## 2.	The District Court Was Not Required
to Waive the Supersedeas Bond

¶ 24	First, contrary to Emery's assertion, the record shows that the district court ruled on Emery's request for waiver by summarily denying it.

¶ 25	Next, Emery cites *Zappa v. Seiver*, 706 P.2d 440 (Colo. App. 1985), and *Muck*, 814 P.2d at 871-73, for the propositions that a district court should waive a supersedeas bond when there is a nonmonetary judgment or the appellant claims irreparable harm. However, these cases do not stand for such propositions. *See Zappa*, 706 P.2d at 441-42 (addressing summary judgment for a tortious interference with a contract claim without mentioning supersedeas bonds); *Muck*, 814 P.2d at 873 (holding that the district court erred by *not* requiring a supersedeas bond before staying the proceedings). Accordingly, given that Rule 62(d) favors courts requiring supersedeas bonds — and Khumo had an interest in protecting its possession of the property that it purchased for $214,000 — the court did not act arbitrarily, unfairly, or unreasonably by denying the request to waive the $20,000 supersedeas bond. *See Kellum*, 260 P.3d at 53; *Keaten*, ¶ 28.

11

¶ 26    Lastly, Emery makes a conclusory assertion that he was denied his right to appellate review due to the district court's rulings and because a motions division of this court denied his motion to stay the writ of restitution or waive the supersedeas bond.  To be sure, Emery was not denied his right to appellate review because the supersedeas bond determined only the stay of the writ of restitution.  *Cf. Colo. Korean Ass'n,* 151 P.3d at 628 ("[A supersedeas bond] is not a prerequisite for filing and pursuing an appeal.").  Under these circumstances, we decline to revisit the motions division's decisions in this case.  *See People v. Smoots,* 2013 COA 152, ¶ 20 (holding that although one division is not bound by holdings of another division, "we give [prior] decisions considerable deference"), *aff'd sub nom., Reyna-Abarca v. People,* 2017 CO 15.

### III.    Disposition

¶ 27    The judgment of the district court is affirmed.

JUDGE FOX and JUDGE SULLIVAN concur.